Bartley, J.
Dissented from the opinion of the majority of the court, as to the reversal of the judgment of the Common Pleas, on the ground of the insufficiency of the second count in the indictment, for the following reasons :
1. It is not assigned for error. A judgment ought not to be reversed, on ground not relied on by the plaintiff either upon special or general assignment of error.
2. The second count sets forth the offense in the precise language of the statute, and that is sufficient. U. S. v. Lancaster, 2 McLean, 431. This count is framed under the second * clause of the first section of the statute of 1846, for the prevention of gambling ; and alleges that the defendant being the keeper of a certain room then and there situate, knowingly permitted the same to be used and occupied for gambling, etc.
The statutory description of the offenses made punishable under the first section of the act is as follows : “If any person shall keep a room or other tenement, to be used .or occupied for gambling, or shall knowingly permit the same to be used or occupied for gambling; or if any person being the owner of any room or other tenement, shall rent the same to be used or occupied for gambling, the person so offending, shall, on conviction thereof, be fined,' etc.” Three offenses are here described: 1. The keeping of a room for the purpose of gambling. 2. Knowingly permitting a room, etc., in the keeping of the person, to be used or occupied for gambling, whether kept for that purpose or not. , 3. Being the owner of a room, etc., and renting the same for the purpose of gambling. The first two apply to the keeper of the room, whether he be the owner or not. The gist of the offense in the first consists in the purpose for which the room is kept; that of the second in the act knowingly permitted in the room in his keeping, whether kept for that purpose or not. The second may include the first, or it may not.
The object of the second clause was to prevent an evasion of the laws by a person keeping a room, etc., to be used for some proper and legitimate purpose, and yet knowingly permitting gambling in the same. The words “ the same,” in the second clause, refer to the room, etc., specified, and not to the purpose or use designated in the preceding clause. That the operation of the second clausa *57 is not limited to the ownei’, is apparent: 1. Because the language is general, applying to any person who shall keep the room. 2. The next succeeding clause is, by express terms, limited to the own ir, showing that a distinction between the owner and the keeper was contemplated. 3. The closing part of the section, by a rule of evidence, extends the operation of the ^second clause, so hs to reach the owner under a particular state of facts. If this construction be correct, the second count is sufficient.
The rule laid down in the case of Davis v. The State, 7 Ohio, 206, has no application to this case. That was the case of an indictment under the act of 1831, the language of which, having reference to certain games played, is subject to a different rule in the description of the offense. It would produce great difficulty in indicting offenders under the law of 1846, to require the indictment to specify the names of the persons who gambled, the game played, and the amount played for, etc. And there could be no good reason for requiring such particularity.
There was error in the judgment of the Common Pleas. The offenses charged are of the same nature, may be parts of the same transaction, and the offense in the second count may include that charged in the first count. In such a ease, at least, on a general verdict of guilty, the court could not impose more than one punishment. The U. S. v. Dickinson, 2 McLean, 228; Wharton’s Amer. Crim. Law, 109.